UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Karen Mead,
    Plaintiff

    v.                                    Case No. 15-cv-310-SM
                                          Opinion No. 2017 DNH 204
Fairpoint Communications, Inc.,
    Defendant


**O R D E R**


Defendant moves for summary judgment on plaintiff's constructive discharge claim, arguing at length that the evidence of record does not give rise to a triable issue of fact. Defendant's main point is that, although plaintiff's eroding responsibilities eventually landed her in the significantly less favorable position of Senior Vice President for External Relations and High Speed Internet Development (limited to Maine), because her organizational title and pay level remained unchanged, defendant should be entitled to judgment as a matter of law on her constructive discharge claims.

First, the record plainly discloses that numerous material facts are genuinely disputed, precluding summary judgment. Second, it cannot be said, as a matter of law, that what plaintiff supportably describes as a continuous erosion of her

1

authority, responsibilities, and professional standing in the company, to the point that she was finally assigned a job that, apparently, fell at a "director" level, and was paid at a grade some five levels below her grade after she left it, would not cause a reasonable person in her position to perceive the changed working conditions as so "onerous, abusive, or unpleasant that a reasonable person in the employee's position would have felt compelled to resign." EEOC v. Kohl's Dept. Stores, Inc., 774 F.3d 127, 134 (1st Cir. 2014).

The facts pled, taken in the light most favorable to plaintiff, the party opposing summary disposition, would suffice to support a jury's determination that plaintiff's last reassignment was nothing less than the final substantive demotion to a position that paled in comparison to her former position of authority and responsibility over corporate operations in several states, and, although her title and pay were preserved, was nevertheless a demotion that a reasonable person of plaintiff's seniority, capability, high corporate rank, and professional stature in the telecommunications industry would find to be unacceptable, humiliating, not tolerable, and professionally demeaning - one meant to force her out. While defendant offers a number of facially plausible, and perhaps credible, non-discriminatory business reasons to explain

plaintiff's seemingly deteriorating executive career (including

that it was not deteriorating), given the facts pled and

construing the disputed facts in plaintiff's favor, a jury could

find those proffered explanations to be mere pretextual cover

for gender discrimination.


## Conclusion

Because multiple genuine disputes about material facts

exist, and essentially for the reason given in plaintiff's

memorandum in opposition, defendant's motion for summary

judgment (document no. 37) is denied, albeit without prejudice

to revisiting the matter at trial when the evidentiary record is

better developed.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 22, 2017

cc:  Brooke L. L. Shilo, Esq.
     Lauren S. Irwin, Esq.
     Heather M. Burns, Esq.
     Martha Van Oot, Esq.