UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Karen Mead,
    Plaintiff

    v.     Case No. 15-cv-310-SM
        Opinion No. 2017 DNH 206

Fairpoint Communications, Inc.,
    Defendant

**O R D E R**

Defendant moves for summary judgment with respect to plaintiff's gender discrimination/hostile environment claims (Counts II and IV). But taking the facts as pled and construing the record evidence in a light favorable to the plaintiff, the party opposing summary disposition, the motion cannot be granted.

It is plain that numerous material facts are genuinely disputed with respect to, inter alia, the meaning and import of comments made by a controlling executive and plaintiff's superior (Amburn) that could be found to evince a gender-based discriminatory animus, gender stereotyping, and gender biases permeating decision-making regarding plaintiff's career with the company. See Burns v. Johnson, 829 F.3d 1, 13 (1st Cir. 2016). In context, and in combination with other evidence, a jury may find the work environment to have been hostile and

1

discriminatory and the alleged harassment severe and perverse. See Flood v. Bank of Am. Corp., 780 F.3d 1, 11 (1st Cir. 2015). In addition, plaintiff offers evidence suggesting that she was excluded from critical meetings and conferences based on her gender; stripped of areas of responsibility (e.g. labor relations) based on gender stereotyping; deprived of social opportunities that were readily provided to male counterparts - opportunities that served as pathways to corporate advancement - and generally was increasingly excluded from and denied access to traditional means of advancement easily accessed by her male counterparts. Plaintiff has also offered evidence of apparent retaliation for having complained about discriminatory practices as she perceived them to be. All of which, cumulatively, could permit a jury finding in her favor on her gender discrimination/hostile environment claims.

While the extensive briefing on both sides is helpful and will be useful in trial preparation, it serves to make very clear that summary judgment is not appropriate and these claims require a trial resolution.

## Conclusion

The motion for summary judgment with regard to plaintiff's gender discrimination/hostile environment claims (document no. 44) is necessarily denied.

**SO ORDERED.**

                                              Steven J. McAuliffe
                                              United States District Judge

September 22, 2017

cc: Brooke L. L. Shilo, Esq.
     Lauren S. Irwin, Esq.
     Heather M. Burns, Esq.
     Martha Van Oot, Esq.